UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **STACY GUILLORY** | : | **DOCKET NO. 2:20-cv-00859** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **HOSPITAL HOUSEKEEPING SYSTEMS, LLC** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a Motion to Amend [doc. 10] and a Motion to Remand [doc. 11] filed by plaintiff Stacy Guillory. The motions have been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. Defendant HHS Environmental Services, LLC ("HHS") opposes both motions.[1] Doc. 24.

Since a ruling on the Motion to Amend affects the viability of the Motion to Remand, we consider both motions together. For the reasons stated below, we **RECOMMEND** that the Court **DENY** the Motion to Amend. Doc. 10. Accordingly, we **RECOMMEND** that court **DENY AS MOOT** the Motion to Remand. Doc. 11. Upon reviewing the issue of prescription in our analysis, we finally **RECOMMEND** the court **DISMISS** the plaintiff's petition with prejudice for failure to state a claim upon which relief can be granted.

### I.
#### BACKGROUND

This matter arises out of an alleged incident occurring on or about May 8, 2019, at the Christus St. Patrick Hospital in Lake Charles, Louisiana. Doc. 1, att. 2, p. 3. The plaintiff filed suit

---

[1] The defendant was incorrectly named in the original petition as "Hospital Housekeeping Systems, LLC." Doc. 1, p. 1.

in state court on May 20, 2020 in the 14th Judicial District Court, Calcasieu Parish, Louisiana. *Id*. HHS is named as the sole defendant. *Id*.

The original petition alleges that plaintiff, an employee at the hospital, was walking out of a patient's room when she slipped and fell in the hallway, sustaining injuries to her left knee, left ankle and left wrist. *Id*., ¶ 2. Plaintiff alleges that the cause of her fall was the negligence of HHS's employee "with a first name of Lorenzo" who mopped the floor. *Id*., pp. 3-4, ¶ 3. Notably, "Lorenzo" the employee is not named as a defendant in the original petition. *Id*., p. 3. She alleges that Lorenzo was in the course and scope of his employment with HHS at the time of the alleged negligence and that HHS is vicariously liable. *Id*., p. 4, ¶ 4. Plaintiff also alleges that HHS is liable for its own negligence in (1) failing to train its employee to take the proper safety precautions while mopping; (2) failing to provide its employee the necessary safety equipment, such as cones and/or other warning signs; and (3) failing to take precautions after a complaint was made about the slippery floor. *Id*., ¶ 5.

Having been served on June 29, 2020, the defendant timely removed the case to federal court on July 7, 2020, alleging diversity jurisdiction as the basis for removal. Doc. 1, pp. 1-2. The Notice of Removal provides that HHS is a Texas LLC and its sole member is a Texas citizen, while the plaintiff is a resident and domiciliary of Louisiana. *Id*., p. 2. On September 9, 2020, the plaintiff filed the instant Motion to Amend and Motion to Remand. Docs. 10-11.

The plaintiff's Motion to Amend seeks to name Lorenzo Brumfield—the allegedly negligent employee of HHS only partially identified as "Lorenzo" in the original petition—as a defendant to the action. Doc. 10. Lorenzo is a Louisiana resident and adding him as a defendant would destroy diversity. See Doc. 10, att. 1, p. 1. The motion claims that Brumfield is "an important party for the resolution of the claims asserted by plaintiff herein." *Id*., p. 1. In plaintiff's

memorandum in support of the motions she argues that at the time she filed suit in state court, she only knew the first name of this defendant and not his full name or address. Doc. 11, att. 1, p. 1. She claims that HHS did not disclose his name and residence until "more than a month" after it removed this action. *Id.*, p. 2. In the interest of judicial efficiency, plaintiff argues that the instant action should be remanded and consolidated with plaintiff's pending state court action against Brumfield. *Id.* She argues that amendment will not prejudice the defendant because HHS knew or should have known that Brumfield was a resident of Louisiana and would destroy diversity once added. *Id.*, pp. 2-3. Finally, plaintiff argues that if she must continue to litigate in federal court, she will be deprived of the attorney of her choice, who "has no experience in any Federal Court in the last 10 years, and has no current familiarity with the Federal Rules of Civil Procedure or the Local Rules." *Id.*, p. 3.

In its opposition to both motions, the defendant argues that adding Brumfield as a defendant is merely a tactic to destroy diversity and have the case remanded to state court. Doc. 24. Defendant urges that adding Brumfield to the action would be futile since the plaintiff has already alleged that Brumfield was acting in the course and scope of his employment and HHS is vicariously liable for his actions. Doc. 24, p. 10. Conversely, the plaintiff will not be significantly injured by denying leave to amend, as the employee need not be named as a defendant for plaintiff to obtain full relief under the theory of vicarious liability. *Id.*, p. 18. Additionally, the defendant argues that the plaintiff was dilatory by seeking amendment four months after the filing of the original petition. *Id.*, p. 16. The defendant contends that the identity of Brumfield was readily ascertainable upon basic investigation as he "was and is an employee working at the hospital." *Id.*, p. 17. Finally, defendant maintains that plaintiff's preferred counsel's lack of familiarity with the federal rules and procedures is not a circumstance that justifies remand to state court. *Id.*, p. 19.

In her reply, the plaintiff argues that she and her attorney sought to obtain the full identity of Brumfield before filing suit but could not do so. Doc. 25, pp. 4-5. She claims that only after the delay for filing a motion to remand had run did the defendant disclose Brumfield's full identity in discovery. *Id.*, p. 5. She claims she was not dilatory in seeking amendment because she promptly sought an amendment after discovering the identity and address of Brumfield. *Id.*, p. 8. Plaintiff argues her claim against Brumfield is valid, as he was an "active participant" in causing the plaintiff's fall and subsequent injuries. *Id.*, p. 6. Moreover, she maintains that in the event HSS is insolvent or does not have adequate insurance, Brumfield is a necessary party for plaintiff to ensure recovery against any other solvent entities that may have employed him. *Id.*

## II.
### LAW & ANALYSIS

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Post-removal amendments that would destroy diversity are subjected to closer scrutiny than ordinary amendments. *Parish Disposal Industries, LLC v. BFI Water Svcs., LLC*, No. 13-3068, 2014 WL 2207870, at *4 (W.D. La. May 27, 2014) (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)). The court should balance several factors to determine whether more weight should be given to "the defendant's interest in maintaining the federal forum" or the competing interest of trying "all related matters in a single suit." *Id.* These factors include:

> (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction;
> (2) whether plaintiff has been dilatory in seeking amendment;
> (3) whether plaintiff will be significantly prejudiced if amendment is not allowed; and
> (4) any other factors bearing on the equities.

*Id.* at \*4-\*5 (citing *Hensgens*, 833 F.2d at 1182).

### A. Purpose of the Amendment

In determining whether the purpose of an amendment is to destroy diversity, courts consider whether the proposed amendment presents a valid cause of action. *Mallery v. Becker*, No. 13-2790, 2014 WL 60327, at \*2 (W.D. La. Jan. 7, 2014). Courts have recognized that if the amendment presents a valid claim, "it is unlikely that the *primary* purpose of bringing those defendants into a litigation is to destroy diversity jurisdiction." *Schindler v. Charles Schwab & Co., Inc.*, No. 5-82, 2005 WL 1155862, at \*3 (E.D. La. May 12, 2005) (emphasis in original). Courts also consider whether the plaintiff knew or should have known of the non-diverse defendant's identity when the state court suit was filed; if plaintiff failed to join that non-diverse defendant to the action prior to removal, this "suggests that the purpose of the amendment is to destroy diversity." *Tomlinson v. Allstate Indem. Co.*, No. 6-617, 2006 WL 1331541, at \*3 (E.D. La. May 12, 2006) (quoting *Schindler*, 2005 WL 1155862, at \*3).

Plaintiff maintains that until receiving post-removal discovery responses from defendant, she was not able to obtain information about Brumfield other than his first name. Per plaintiff and her attorney's affidavits, they attempted to get Brumfield's full name from an incident report filed at the hospital and even consulted with a private investigator but were unsuccessful. Doc. 25, atts. 1-2. The affidavits offer a reasonable explanation for why plaintiff waited until after removal to seek amendment and suggest that plaintiff did not have an improper purpose for amendment.

We also consider whether plaintiff has a "valid claim" against Brumfield. Generally, an employer is vicariously liable for the negligence of its employees. La. Civ. Code art. 2320. Under Louisiana law, in order to hold an individual employee personally liable, a plaintiff must show that "(1) the employer owes a duty of care to a third person; (2) the employer delegated that duty to a

defendant-employee; (3) and the defendant-employee breached the duty through his own fault and lack of ordinary care." *Moore v. Manns*, 732 F.3d 454, 456-57 (5th Cir. 2013) (citing *Canter v. Koehring Co.*, 283 So.2d 716, 721 (La. 1973)); *See also Bertrand v. Fischer*, No. 9-76, 2009 WL 5215988, at *5 (W.D. La. Dec. 29, 2009). Alleging an employee's "general administrative responsibility," however, is insufficient to trigger individual liability. *Id.* at 457. Here, the petition's allegations could lead to a finding of personal liability. The petition alleges that Brumfield was directly responsible for the incident and "mopped the floor without taking necessary safety precautions" and "at a time when it was not safe to do so." Doc. 1, att. 2, p. 4. Moreover, it alleges that he failed to put out any warning signs, caution cones, or orally warn the hospital patients and employees of the "dangerous slippery condition of the floor." *Id.*

Although plaintiff's amended complaint may state a viable action against Brumfield, that is not the end of the inquiry. "Leave to amend should not be granted if amendment would be futile due to plaintiff's failure to state a claim under Rule 12(b)(6) or if plaintiff otherwise fails to cure pleading defects raised by the defendant." *Lake Charles Harbor & Terminal Dist. v. Reynolds Metal Co.*, No. 17-1114, 2019 WL 638090, at *4 (W.D. La. Jan. 23, 2019) (citing *Landavazo v. Toro Co.*, 301 F. App'x 333, 337 (5th Cir. 2008)). A claim may be dismissed under the 12(b)(6) standard when it is "evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). Federal courts have routinely denied leave to amend as futile when the proposed claims have prescribed under Louisiana law. *See, e.g., Messenger v. Boston Scientific Corp.*, No. 18-827, 2020 WL 60242, at *19 (M.D. La. Jan. 6, 2020); *Gilbert v. Cates,* No. 17-4786, 2018 WL 3417906, at *13 (E.D. La. Jul. 13, 2018); *Joseph v. Louisiana Dep't of Corr.*, No. 15-759, 2017 WL 3438345, at *3 (E.D. La. Aug. 10, 2017); *Alexander v. Lafayette City Par. Consol. Gov't*, No. 9-1016, 2011

WL 1832616, at *4 (W.D. La. Apr. 15, 2011), report and recommendation adopted sub nom. *Alexander v. Lafayette City Par. Consol. Gov't*, No. 9-1016, 2011 WL 1828379 (W.D. La. May 11, 2011).

Though neither party raised this issue, we note that plaintiff's claim is prescribed on the face of the petition and as such granting the plaintiff leave to amend would be futile. "In diversity cases…federal courts apply state statutes of limitations and related state law governing tolling of the limitation period." *Hensgens v. Deere & Co.*, 869 F.2d 879, 880 (5th Cir. 1989) (citing *West v. Conrail*, 107 S. Ct. 1538 n. 4 (1987)). A delictual action is subject to a one-year prescriptive period that commences to run from the day that the injury or damage is sustained. La. Civ. Code art. 3492; *Cole v. Celotex Corp.*, 620 So.2d 1154, 1156 (La. 1993). Here, the petition alleges that plaintiff's injury occurred "on or about May 8, 2019." Doc. 1, att. 2, p. 3. The plaintiff and her attorney's sworn affidavits corroborate this allegation. Doc. 25, atts. 1-2. Defendant's Notice of Removal also alleges that May 20, 2020 was the date of filing. *Id.*, att. 1, p. 1. The copy of plaintiff's petition, which was marked as "filed" in state court on May 20, 2020, corroborates this allegation. *Id.*, att. 2, p. 3. Thus, we find that the underlying negligence claim against HHS had prescribed before plaintiff filed suit. Plaintiff has not plead any facts suggesting that an exception to the general prescriptive period applies. *See Jones*, 339 F.3d at 366. As such, even if plaintiff's amended petition were to relate back to the original petition, the new claims against Brumfield would certainly be prescribed as well.

Here, we find that an amendment naming Brumfield as a defendant would be futile as it would fail to state a claim for relief under Rule 12(b)(6). This weighs immensely in favor of denying leave to amend. We will, however, continue the *Hensgens* analysis as the Fifth Circuit requires us to balance the factors.

### A. Whether Plaintiff was Dilatory in Seeking Leave

In determining whether an amendment is dilatory, courts often look to the amount of time that has passed between filing of the original complaint and amendment, as well as the amount of time between removal and amendment. *Lawrence v. Hertz Corp.*, No. 19-12114, 2019 WL 5541378, at *7 (E.D. La. Oct. 28, 2019). Courts may also consider how far the litigation has progressed. *Schindler*, 2005 WL 1155862 at *4.

Here, the plaintiff sought leave to amend on September 9, 2020, a little under four months after she filed suit on May 20, 2020 and about two months after the defendant removed on July 7, 2020. See Docs. 1, 10. We note that courts have inferred a dilatory motive from delays in seeking amendment even shorter than the plaintiff's delay here. *See Carbo v. Wal-Mart Louisiana LLC*, No. 20-1192, 2020 WL 7373504, at *5 (W.D. La. Nov. 30, 2020). She also sought leave to amend on the same day she filed a motion to remand, and this timing suggests that the purpose for the amendment was to defeat diversity. *Id*. at *6. The progression of discovery, however, sheds light on the plaintiff's motive. Plaintiff argues that she did not learn Brumfield's full identity and address until receiving HHS's discovery responses—after the delay for filing a Motion to Remand already ran. Doc. 25, p. 5. Presumably, she received those responses more than 60 days after removal, which would have been within the week before she sought leave to amend on September 9, 2020. We find this to be a reasonable explanation for any delay in seeking amendment and do not find that plaintiff had a dilatory motive. This weighs in favor of permitting amendment under *Hensgens*.

### B. Extent of Injury to Plaintiff's Interests

In determining the third *Hensgens* factor, courts consider whether the diverse defendant will be unable to satisfy a future judgment and whether the plaintiff could recover against the proposed nondiverse defendant. *Darr v. Amerisure Ins. Co.*, No. 16-232, 2016 WL 5110267, at *8

(M.D. La. Aug. 31, 2016) (citing *Gallegos v. Safeco Ins. Co. of Indiana*, 2009 WL 4730570, at *5 (S.D. Tex. Dec. 7, 2009)). "[C]onsiderations of cost, judicial efficiency and possible inconsistency of results militate in favor of not requiring plaintiff to prosecute two separate claims in two forums when both arise from the same set of facts and circumstances." *Joseph v. Fluor Corp.*, 513 F.Supp.2d 664, 670 (E.D. La. 2007).

Here, any injury to plaintiff's interest by denying amendment is virtually nonexistent since her proposed amended claim would be prescribed. As such, we will not delve into the question of whether plaintiff could be afforded full relief in the absence of Brumfield's presence in the suit. Relatedly, there will be no risk of inconsistent results in federal and state court. Thus, the third *Hensgens* factor weighs against permitting the amendment.

### C. Other Considerations and Balance of the *Hensgens* Factors

The fourth *Hensgens* factor requires us to consider any other factors bearing on equities. Here, plaintiff's concern is that that she will lose the primary representation of her attorney of choice, as that attorney is not familiar with the rules and procedures of federal court. Doc. 25, p. 11. This consideration does not persuade us that the amendment should be permitted, as plaintiff has already successfully engaged another attorney to pursue this litigation.

Considering the *Hensgens* factors, and particularly the fact that plaintiff's proposed amended complaint fails to state a claim upon which relief can be granted, we find that amendment is improper. Consideration of other factors—such as a lack of a dilatory motive and injury to plaintiff's interests—does not outweigh the fact that amendment here would be fruitless. Accordingly, because HHS timely removed the action and because complete diversity exists between the plaintiff and HHS, federal court jurisdiction is proper and we recommend that the Motion to Remand be denied as moot.

### D. Recommended Dismissal of Plaintiff's Complaint

A court may *sua sponte* dismiss a complaint on its own 12(b)(6) motion where the plaintiff has notice of the court's intention and an opportunity to respond. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006). "A court should generally give a plaintiff the opportunity to amend her complaint before *sua sponte* dismissal." *Love v. Geico Indem. Co.*, No. 16-354, 2017 WL 8181558, at *5 (W.D. Tex. Aug. 10, 2017) (citing *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). However, this is not required where it is "clear that the defects are incurable." *Great Plains Tr. Co.*, 313 F.3d at 329.

As discussed above in Part II.A, the underlying negligence claim against HHS is prescribed on its face. The incident occurred May 9, 2020 and the one-year prescriptive period ran before the plaintiff filed suit on May 20, 2020. Doc. 1, att. 2, p. 3. Thus, we recommend that the court *sua sponte* dismiss with prejudice the original petition for failure to state a claim upon which relief can be granted after the plaintiff has had an opportunity to respond. This Report and Recommendation serves as proper notice by informing plaintiff of the deficiency and allowing fourteen days to object before the district judge acts. *See, e.g.*, *Ceasar v. Louisiana Dep't of Corr.*, No. 17-1691, 2019 WL 3980644, at *9 n. 90 (M.D. La. July 26, 2019); *Fletcher v. Whittington*, No. 18-1153, 2019 WL 2511033, at *1 (W.D. La. May 23, 2019).

### III.
#### CONCLUSION

For the foregoing reasons, we **RECOMMEND** the court **DENY** plaintiff's Motion to Amend. Accordingly, we **RECOMMEND** the court **DENY** plaintiff's Motion to Remand as moot. Finally, we **RECOMMEND** that after the appropriate delays for objections, the court **DISMISS** plaintiff's claim against HHS on its own motion for failure to state a claim upon which relief can be granted.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1428–20 (5th Cir. 1996), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1)), *as recognized in Cruz v. Rodriguez*, 828 F. App'x 224, 2020 WL 6478502 (5th Cir. 2020) (unpubl.).

THUS DONE AND SIGNED in Chambers this 6th day of May, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE